FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

20 APR 28 PM 2: 59

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| JAMES WHITTINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 319-082 |
| ) | |
| WARDEN ANTOINE CALDWELL; ) | |
| MRS. LINDSEY, Nurse Practitioner; ) | |
| and MRS. GORDON, Counselor, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which no objections have been filed. The Magistrate Judge recommended dismissing the case because Plaintiff failed to state a claim upon which relief can be granted. (Doc. no. 13.) After entry of the R&R, Plaintiff requested an extension of time to file objections, which the Magistrate Judge granted. (Doc. nos. 15, 16.) In lieu of objections, Plaintiff filed a request to add Francis J. Tedesco, M.D., President of the Medical College of Georgia, as a Defendant. (Doc. no. 17.) According to Plaintiff, Defendant Lindsey faxed Plaintiff's medical records to Dr. Tedesco in March 2020 and recommended Plaintiff receive treatment for his Hepatitis C. (Id.) Despite this recommendation by Defendant Lindsey for some type of treatment, Plaintiff "was denied treatment unfortunately explaining my max out date set for May 5, 2020 does not leave enough

time to finish the treatment here at prison." (Id.) Plaintiff does not identify what type of treatment he was denied or who made the decision to deny treatment.

Although leave to amend under Fed. R. Civ. P. 15(a) is generally given freely, Foman v. Davis, 371 U.S. 178, 182 (1962), leave is not guaranteed, and a trial court may deny such leave "in the exercise of its inherent power to manage the conduct of litigation before it." Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008). "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." Saewitz v. Lexington Ins. Co., 133 F. App'x 695, 699 (11th Cir. 2005) (*per curiam*) (quoting Foman, 371 U.S. at 182). An amendment is futile when the pleading that it seeks to amend would still be subject to dismissal if the amendment were permitted. See Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) ("A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'") (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (*per curiam*)).

Plaintiff's motion to amend fails for at least two reasons. First, the Court is aware a *pro se* plaintiff must be given one chance to amend prior to dismissal if a more carefully drafted complaint might state a claim. See Silberman v. Miami Dade Transit, 927 F.3d 1123, 1132 (11th Cir. 2019). The Magistrate Judge afforded Plaintiff one such opportunity when he identified pleading deficiencies in the original complaint and directed Plaintiff to file an amended complaint. (See Doc. no. 11.) As explained in the R&R, Plaintiff's amended complaint fails to state a claim upon which relief can be granted. (Doc. no. 13.) Plaintiff's latest attempt to add Dr. Tedesco as a Defendant by submitting a piecemeal description of the

2

claim Plaintiff wants to add is improper. See Holland v. Burnette, CV 308-090, 2009 WL 1579507, at *1 (S.D. Ga. June 3, 2009).

Second, the proposed amendment is futile. Plaintiff's conclusory allegation regarding Defendant Lindsey's recommendation to Dr. Tedesco that Plaintiff receive some type of treatment for Hepatitis C, and an equally conclusory allegation someone denied treatment based on Plaintiff's release date, cures none of the pleading deficiencies with respect to Defendants Caldwell, Lindsey, and Gordon identified in the R&R. (See Doc. no. 13, at 4-13.) Nor are the conclusory allegations sufficient to show Dr. Tedesco can be liable for deliberate indifference. (See id. at 9-13 (discussing objective and subjective components, as well as causation requirement, of Eighth Amendment claim).) Likewise, Plaintiff's single reference to a class action lawsuit by Florida inmates against the Florida Department of Corrections regarding Hepatitis C treatment in no way shows his circumstances are similar to those of the prisoners in Florida, let alone that liability can be imposed on the individuals Plaintiff names in his lawsuit. See Hoffer v. Inch, 382 F. Supp.3d 1288 (N.D. Fla. 2019), *appeal docketed*, No. 19-11921 (11th Cir. May 17, 2019). Thus, the Court **DENIES** the motion to amend. (Doc. no. 17.)

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DISMISSES** Plaintiff's amended complaint for failure to state a claim upon which relief may be granted, and **CLOSES** this civil action.

SO ORDERED this 28th day of April, 2020, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE

3